Bartlett, J.
The assignment which was attacked in this case contained no clause preferring the wages or salaries actually owing to the employees of the assignors at the time of the execution of the assignment. This omission was held to be fatal under section 29 of the general assignment act, as amended by chapter 328 of the Laws of 1884. It was decided that the statute was mandatory, and required the preference to be expressed in the assignment itself and that a failure to comply with this requirement rendered the instrument void.
Since this cause was argued before us a decision has been rendered by the court of appeals which settles the questioii involved in the present appeal adversely to the view adopted herein by the special term. Richardson v. Thurber, 6 N. Y. State Rep., 489. In that case Judge Finch, delivering the opinion of the court, says the question is in some respects so close and evenly balanced as to have produced conflicting opinions in the supreme court, and drifted very able judges into disagreement, and he declares the principle merit of the judgment of the tribunal of last resort to be that it is final and settles the rule to be observed. The court of appeals holds, “though not without some hesitation,” that a general assignment is not invalidated by an omission to insert in the instrument an express preference of the wages or salaries of the assignor’s employees, but that such wages or salaries are preferred by the force of the statute itself.
This determination is decisive of the present appeal, and *60 requires a reversal of the judgment, which is plainly based solely upon the failure of the assignors to prefer the wages or salaries of their employees in express terms. „
The respondents contend that the record practically presents no exceptions, but even in the absence of exceptions the general term on an appeal of this kind may still correct a substantial error on the part of the trial court. Mandeville v. Marvin, 30 Hun, 282, 288. If the appeal papers herein are true copies, the so-called findings, in support of the judgment, are no less defective than the so-called exceptions, for they do not appear ever to have been signed.
The judgment should be reversed and a new trial granted, with costs to abide the event.
Lawrence, J., concurs.